*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0164p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

    *v.*

No. 08-5667

GARRETT JOHNSON,

*Defendant-Appellant.*

>

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 03-00103-003—J. Ronnie Greer, District Judge.

Submitted: April 28, 2009

Decided and Filed: May 5, 2009

Before: SILER, GILMAN, and KETHLEDGE, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Nikki C. Pierce, FEDERAL DEFENDERS SERVICES OF EASTERN
TENNESSEE, INC., Greeneville, Tennessee, for Appellant. Caryn L. Hebets, ASSISTANT
UNITED STATES ATTORNEY, Johnson City, Tennessee, for Appellee.

_____

**OPINION**

_____

RONALD LEE GILMAN, Circuit Judge. Garrett Johnson pled guilty to the charge
of conspiring to distribute crack cocaine. He faced a 240-month mandatory minimum
sentence, as required by statute, but the government moved the district court to grant a lower
sentence based on Johnson's substantial assistance. The court granted the government's
motion and sentenced Johnson to 108 months' imprisonment.

Johnson subsequently filed a motion for a further reduction in his sentence based on
the retroactive revisions to the United States Sentencing Guidelines regarding crack-cocaine

1

convictions. The district court denied Johnson's motion, holding that it lacked jurisdiction to consider this new ground because the sentence was imposed pursuant to the statutory mandatory minimum for Johnson's offense, not the subsequently amended Guidelines. For the reasons stated below, we **AFFIRM** the judgment of the district court.

## I.  BACKGROUND

### A.     Factual background

Johnson pled guilty to and was convicted of conspiring to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The Probation Office prepared a Presentence Report using the 2003 version of the United States Sentencing Guidelines. Based on a finding that the conspiracy involved at least 500 grams of crack cocaine, but not more than 1.5 kilograms, his offense level was set at 36. That number, in conjunction with Johnson's Category III criminal history, resulted in a Guidelines range of 235 to 293 months. But Johnson was also subject to a mandatory minimum sentence of 240 months under 21 U.S.C. § 841(b)(1)(A), meaning that his effective Guidelines range was 240 to 293 months of imprisonment.

Prior to sentencing, the government filed a motion for a downward departure pursuant to 18 U.S.C. § 3553(e). That section authorizes a district court to impose a sentence below the statutory minimum based on a defendant's substantial assistance. At the October 2004 sentencing hearing, the court granted the three-level departure suggested in the motion and sentenced Johnson to 108 months' imprisonment. Johnson did not appeal.

Several years after Johnson's sentencing, Amendment 706 to the Sentencing Guidelines reduced the base offense level for most crack-cocaine offenses by two levels. This caused Johnson to file a pro se motion in February 2008 that sought an additional sentence reduction in light of the amended Guidelines. The district court appointed counsel for Johnson and ordered the parties to file a joint motion regarding the potential applicability of the retroactive amendment. Johnson and the government agreed that his amended base offense level was 34, but differed on whether the amendment authorized the court to modify the sentence.

The government argued that because Johnson's sentence was not based on a Guidelines range lowered by Amendment 706, the court lacked jurisdiction to reduce it any further. Johnson conceded that the amendment did not lower his Guidelines sentence, which was set by the statutory mandatory minimum. But he claimed that the amendment did lower his Guidelines *range*, and that a sentence reduction was accordingly authorized and appropriate. Johnson also filed an amended motion for a sentence reduction and sought an evidentiary hearing, which the government opposed.

In May 2008, the district court issued an order denying a further reduction of his sentence. The court explained its reasoning as follows:

> Neither the Guidelines, nor the statute, nor the applicable precedents supports the defendant's position and this Court is constrained to find, upon the facts of this case and upon the plain language of § 3582(c), that this Court does not have the authority to reduce defendant's sentence. . . . The defendant was subject to the mandatory term of imprisonment provided by 21 U.S.C. § 841(b)(1)(A) both before and after Amendment 706. Accordingly, § 3582(c) does not authorize a reduction in his sentence.

Moreover, the court noted, Johnson's sentence had been "determined not by reference to a guideline range but rather to the statutory mandatory minimum sentence." The court concluded by clarifying that, even if it had jurisdiction to reduce Johnson's sentence, it would not have exercised its discretion to do so. Johnson timely appealed.

## II. ANALYSIS

### A.     Statutory background

A district court may modify a defendant's sentence only as provided by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) ("The authority of a district court to resentence a defendant is limited by statute" and is "expressly prohibit[ed] . . . beyond those exceptions expressly enacted by Congress."). Congress has provided that a district court has the discretion to reduce a sentence based upon a change in the Sentencing Guidelines affecting a defendant's sentencing range in accordance with the relevant Guidelines policy statement:

> [I]n the case of a defendant *who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon

motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

In § 1B1.10 of the Guidelines, the Sentencing Commission has identified those amendments that may be applied retroactively pursuant to the above policy statement and has also articulated the proper procedures for implementing the amendment in a case already concluded. On December 11, 2007, the Commission issued a revised version of § 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised § 1B1.10(a), which became effective on March 3, 2008, provides in pertinent part as follows:

(1)     *In General.*—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2)     *Exclusions.*—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

(A) None of the amendments listed in subsection [§ 1B1.10](c) is applicable to the defendant; or

(B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a) (amended Dec. 11, 2007). In addition, § 1B1.10 directs that "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1).

The amendment in question in this case is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack offenses. Amendment 706 was further amended by the technical and conforming amendments set forth in Amendment 711,

also effective November 1, 2007.  Amendment 706 is one of the amendments listed in § 1B1.10(c) as having retroactive effect.  U.S.S.G. § 1B1.10(c).

**B.      Application of Amendment 706 to Johnson**

Johnson argues that the district court erred in concluding that it lacked jurisdiction to reduce his sentence pursuant to 18 U.S.C. § 3582(e).  He reasons that the retroactive amendment regarding crack cocaine had the effect of lowering his applicable Guidelines range from 235-293 months to 188-235 months.  Although he concedes that he is subject to the statutory mandatory-minimum term of 240 months, Johnson argues that the district court never actually applied the mandatory minimum because it imposed a below-minimum, 108-month sentence in response to the government's motion pursuant to 18 U.S.C. § 3553(e).  In sum, Johnson contends that, "[b]ecause the guideline range has been reduced and the sentence imposed was based upon a guideline range that has since been reduced, the district court should have determined that it had authority to reduce the sentence."

Johnson's argument lacks merit because he was not in fact sentenced based on a Guidelines range that was subsequently reduced.  Rather, his sentence was based on the mandatory minimum imposed by 21 U.S.C. § 841(b)(1)(A), which remained unchanged by Guidelines Amendment 706.  "Where a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence shall be the guideline sentence."  U.S.S.G. § 5G1.1(b); *accord United States v. Goff*, 6 F.3d 363, 366-67 (6th Cir. 1993) ("As the guidelines themselves recognize, where a statutory mandatory minimum sentence and the guidelines conflict, the guidelines must yield, and the statutory minimum sentence prevails.").  Thus, if Johnson were resentenced today, the amended Guidelines would still require a sentence of 240 months, and the court would be departing from this same 240-month baseline if again presented with the government's substantial-assistance motion.

"[T]he appropriate starting point for calculating a downward departure under 18 U.S.C. § 3553(e) is the mandatory minimum sentence itself."  *United States v. Stewart*, 306 F.3d 295, 332 (6th Cir. 2002) (rejecting the claim that, once the government filed a § 3553(e) motion, the sentence could be based on the initial Guidelines range rather than the higher statutory mandatory minimum).  This means that the district court properly concluded

that, "[b]ecause [Johnson] was subject to a statutory mandatory minimum term of 240 months, Amendment 706, even if it had been in effect at the time of the defendant's sentencing, would not have lowered the applicable guidelines range."

Nor did the district court, as Johnson claims, conflate the concept of a Guidelines *range* with that of a Guidelines *sentence*. Where a mandatory minimum sentence exceeds the otherwise applicable Guidelines range—as it would were Johnson to be resentenced today—it replaces that Guidelines range. *See, e.g.*, *United States v. Mooneyham*, 473 F.3d 280, 294 (6th Cir. 2007) (because of a mandatory minimum sentence, the "applicable guideline *range* was effectively 120 to 137 months" although it would have otherwise been 110 to 137 months) (emphasis added)*; United States v. Jones*, 523 F.3d 881, 882 (8th Cir. 2008) ("The top of Mr. Jones's originally calculated guidelines range was less than the statutory mandatory minimum sentence for the quantity of crack involved in his conviction, so that his final originally calculated guidelines *range* was the statutorily required minimum sentence of 120 months.") (emphasis added). If we were to accept Johnson's argument, we would afford him a "double benefit by first permitting [him] to avoid a higher mandatory minimum sentence and then granting a departure from an even lower sentencing guidelines range." *Stewart*, 306 F.3d at 332.

Finally, even assuming for the sake of argument that the district court *had* discretion to modify Johnson's sentence, no such reduction was warranted. A reduction is not automatic; instead, the district court has discretion within the limits of U.S.S.G. § 1B1.10. "[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

To succeed on this point, Johnson must show that the district court abused its discretion by denying his motion for a sentence reduction. *United States v. Peveler*, 359 F.3d 369, 373 (6th Cir. 2004) (noting that this court reviews a district court's denial of a motion to reduce sentence under the abuse-of-discretion standard). But the district court did not abuse its discretion. Its opinion makes clear that it considered and rejected the factors proffered by Johnson on the ground that they did not warrant any further sentence reduction, stating that "even if the Court ha[d] such authority, this Court would, after

consideration of the factors set forth in 18 U.S.C. § 3553(a) and public safety considerations, exercise its discretion and deny the motion for reduction of sentence." The district court therefore properly denied Johnson's motion for a reduction of his sentence.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.