**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0627n.06

No. 08-5903

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED
Sep 02, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| LESTER TERRELL, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| _____ | ) | |

**Before: MOORE, GIBBONS, and FRIEDMAN,**[*] **Circuit Judges.**

   **KAREN NELSON MOORE, Circuit Judge.**   Defendant-Appellant Lester Terrell

("Terrell") appeals the district court's judgment partially granting his motion to reduce his sentence

pursuant to 18 U.S.C. § 3582(c)(2), in light of Amendment 706 to the Sentencing Guidelines.

Terrell asserts that the district court abused its discretion in awarding him only a four-month

reduction in his sentence by (1) relying on an erroneous fact and (2) departing upward from Terrell's

amended effective guidelines range without giving him notice or a hearing as required by Federal

Rule of Criminal Procedure 32(h). For the reasons discussed below, we **AFFIRM** the district court's

judgment.

---

   [*]The Honorable Daniel M. Friedman, United States Circuit Judge for the United States Court
of Appeals for the Federal Circuit, sitting by designation.

## I. FACTS AND PROCEDURE

In February 2005, Terrell pleaded guilty to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841, pursuant to a written plea agreement. A presentence report ("PSR") was prepared, which assigned Terrell a total offense level of 23 and a criminal history category of III, resulting in a guidelines range of 57 to 71 months. However, Terrell was subject to a statutory mandatory-minimum sentence of 60 months pursuant to 21 U.S.C. § 841(b)(1)(B); thus, Terrell's effective guidelines range was 60 to 71 months. On June 6, 2005, the district court sentenced Terrell to 71 months of imprisonment.

On April 4, 2008, Terrell filed a "Motion to Reduce Sentence Pursuant to 18 USC [§] 3582(c)," asserting that Amendment 706 to the Sentencing Guidelines, made retroactive on March 3, 2008, reduced Terrell's total offense level by two points. Record on Appeal ("ROA") at 37-38 (Mot. to Reduce Sent.). Terrell contended that this reduced offense level resulted in an amended guidelines range of 46 to 57 months; however, because of the applicable mandatory minimum, Terrell's amended effective guidelines range was 60 months. Terrell asserted that his sentence should be reduced to 60 months.

On April 10, 2008, the district court ordered the government to file a response to Terrell's motion and instructed the probation office to "prepare and provide to the Court and to counsel for the parties a supplemental sentencing report or Sentence Modification Report" addressing several issues, including "[a]ny information available . . . concerning [Terrell]'s post-sentencing conduct or misconduct while imprisoned in federal custody[,] . . . relevant public safety considerations, including the danger to any person or the community that may be posed by a reduction in the term of imprisonment[, and a] recommendation for the Court's disposition of the 18 U.S.C. § 3582(c)(2)

2

motion." Record ("R.") at 101 (4/10/08 Order at 1-2). The district court also informed the parties that they could object to the probation office report.

The government filed its response on April 28, 2008, asserting that "Amendment 706 does not lower the applicable Guidelines range in the instant case because a mandatory minimum sentence, unchanged by the amendment, established the floor for the Guidelines range." ROA at 39 (Resp. to Def.'s § 3582(c) Mot. at 1). Terrell then filed a motion on May 13, 2008, requesting oral argument "to address the continual changing and shifting responses," ROA at 44 (Request for Oral Argument), which the district court summarily denied on May 15, 2008. On June 17, 2008, the probation department disclosed a "Memorandum Regarding Retroactivity" ("MRR"), stating, among other things, that "Terrell has completed the 40-hour drug education course, but has elected to not sign-up for the 500-hour RDAP Program." MRR at 3. Neither party asserts failure to receive a copy of this MRR, nor did either party file any objections to the MRR at any time.

On June 24, 2008, the district court partially granted Terrell's § 3582(c)(2) motion. The district court concluded that "[p]ursuant to Amendment 706, the guideline range applicable to Mr. Terrell is 60 months." ROA at 46 (06/24/08 Mem. and Order at 1). The district court then stated that it had

> considered not only the guidelines, but it also considered the factors specified in 18 U.S.C. § 3553(a). Most prominent among those factors with respect to Mr. Terrell was the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(C). This factor was, and is, particularly applicable to Mr. Terrell because of his lengthy criminal record, which includes a 2nd Degree Murder conviction.

ROA at 46-47 (06/24/08 Mem. and Order). The district court then declined to reduce Terrell's sentence to 60 months "[b]ecause of the need to protect the public, and because the defendant has

3

elected not to participate in the Bureau of Prison's 500 hour [Residential Drug Abuse Program

("RDAP")], despite having a substance abuse problem, thereby increasing the possibility of

recidivism." ROA at 47 (06/24/08 Mem. and Order at 2). However, the district court did find that

Terrell had "made some attempt to better himself during the period of his incarceration," and thus

warranted a four-month sentence reduction. *Id.*

The same day, the government filed a motion to reconsider, asserting that Terrell was not

eligible for a reduction under § 3582(c)(2) because Amendment 706 did not lower his guidelines

range,[1] which the district court denied on July 2, 2008. The government did not appeal this

determination. On June 30, 2008, while the government's motion was pending in the district court,

Terrell filed a pro se motion responding to the government's motion to reconsider, requesting a

ruling on his § 3582(c)(2) motion, and requesting either the appointment of new counsel or

---

[1]A recent case from our circuit confronts a similar issue, but is distinguishable from the instant appeal. *See United States v. Johnson*, 564 F.3d 419 (6th Cir. 2009). In *Johnson*, the defendant's original guidelines range resulting from his offense level and criminal history category was 235 to 293 months, but the defendant was subject to a mandatory-minimum sentence of 240 months, resulting in an effective guidelines range of 240 to 293 months. The government filed a motion for downward departure under 18 U.S.C. § 3553(e), which the district court granted, and the district court sentenced the defendant to 108 months of imprisonment. In light of Amendment 706, the defendant made a motion to reduce his sentence pursuant to § 3582(c)(2), which the district court denied. A panel of this court affirmed, holding that the defendant "was not in fact sentenced based on a Guidelines range that was subsequently reduced. Rather, his sentence was based on the mandatory minimum imposed by 21 U.S.C. § 841(b)(1)(A), which remained unchanged by Guidelines Amendment 706." *Id.* at 423. The panel stressed that "if Johnson were resentenced today, the amended Guidelines would still require a sentence of 240 months, and the court would be departing from this same 240-month baseline if again presented with the government's substantial-assistance motion." *Id.*

*Johnson* is distinguishable from the instant case because, although Terrell was subject to a mandatory minimum that set the floor for his original guidelines range and was unchanged by Amendment 706, unlike *Johnson*, Terrell was originally sentenced at the high end of his guidelines range. Amendment 706 lowered the top of Terrell's guidelines range, thereby narrowing Terrell's effective guidelines range to 60 months.

4

permission to proceed pro se. On July 7, 2008, the district court denied as moot Terrell's motion for a ruling and for the appointment of new counsel because the district court had entered a final decision on the § 3582(c)(2) motion on June 24.

On July 7, Terrell filed an unverified and unsworn pro se motion to reconsider the June 24 order, asserting that he had completed the first phase of the Drug Abuse Education Program and was on a waiting list for the 500-hour RDAP. To this motion, Terrell attached an undated Institutional Adjustment Report that states that he completed the 40-hour Drug Education Program in March 2007, but that did not mention that Terrell was on a waiting list for the 500-hour RDAP.[2] This report merely states that "[a]t the time of sentencing, it was recommended that inmate Terrell participate in the 500 hour [RDAP]." ROA at 62 (Institutional Adjustment Report). The district court denied this pro se motion on July 14, 2008, noting that Terrell was not authorized to make a motion for reconsideration and that his proper remedy was to file a notice of appeal pursuant to Fed. R. App. P. 4(b). The district court also concluded that, after "consider[ing] the contentions and arguments presented by Terrell[,] . . . a further reduction in the sentence of imprisonment is [not] warranted." ROA at 64 (07/14/08 Order at 2). Terrell filed a pro se notice of appeal on July 18, 2008.

## II. ANALYSIS

### A. Appellate Jurisdiction

There is a question of appellate jurisdiction in this case and, "[a]lthough the parties did not raise the issue of appellate jurisdiction in their briefs, we are under an independent obligation to

---

[2]The Institutional Adjustment Report specifically states that Terrell "completed the 40 hour drug education on March 36, 2007." ROA at 62 (Institutional Adjustment Report). Although this date is clearly a typographical error, Terrell's certificate of completion for the program notes that he completed the program on March 26, 2007. ROA at 61 (Certificate of Completion).

police our own jurisdiction." *Bonner v. Perry*, 564 F.3d 424, 426 (6th Cir. 2009) (internal quotation marks omitted). We therefore raise the issue sua sponte. A notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). "Compliance with this Rule is both a mandatory and a jurisdictional prerequisite." *United States v. Glover*, 242 F.3d 333, 335 (6th Cir. 2001) (internal quotation marks omitted); *United States ex rel. Eisenstein v. City of New York, New York*, --- S. Ct. ----, 2009 WL 1576570, at *5 n.4 (quoting the Supreme Court's holding in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 318 (1988), regarding Rule 3(c)'s role as "a jurisdictional prerequisite"); *see also* 16A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, & CATHERINE T. STRUVE, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 4th § 3949.6 (4th ed. 2008) (noting that the requirements of Rule 3 have been described by the Supreme Court "as mandatory and jurisdictional"). Moreover, "a court of appeals has jurisdiction only over the areas of a judgment specified in the notice of appeal as being appealed." *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 550 F.3d 529, 532 (6th Cir. 2008). However, we must construe a notice of appeal liberally, *id.*, and this principle applies especially to documents filed by pro se litigants, *see Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Terrell's pro se notice of appeal states that "he is appealing the order of this Court dated June 6, 2008 and July 7, 2008." ROA at 65 (Notice of Appeal). The docket sheet does not contain any order filed or entered on June 6, 2008. Moreover, the order dated July 7, 2008, concerns only Terrell's pro se motion requesting "a ruling on his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2)" and Terrell's request for new counsel or to proceed pro se. R. at 114 (07/07/08 Order at 1). Thus, by its express terms, Terrell's notice of appeal does not appeal the district court's

6

June 24, 2008 order partially granting a reduction of Terrell's sentence, the sole issue that Terrell addresses in his brief before this court. Therefore, in order for this court to have jurisdiction over this issue, we must conclude that Terrell's notice of appeal, liberally construed, encompasses the district court's June 24, 2008 order. We so hold. The only order that the district court issued in June was the June 24 order; there was never any order issued on June 6 or any other day in June regarding Terrell's case. Thus, we believe that it is clear that Terrell's mention of a June order was in reference to the June 24 order.

Furthermore, while generally "the failure [of a party] to designate [in a notice of appeal] the judgment, order, or part thereof being appealed" strips this court of jurisdiction over the appeal, *Glover*, 242 F.3d at 336-37 (internal quotation marks omitted), we have held that "'a notice of appeal that names only a post-judgment decision may extend to the judgment itself if it can be reasonably inferred from the notice of appeal that the intent of the appellant was to appeal from the final judgment and it also appears that the appellee has not been misled,'" *United States v. Grenier*, 513 F.3d 632, 635 (6th Cir. 2008) (quoting *Harris v. United States*, 170 F.3d 607, 608 (6th Cir. 1999)). A court may "rel[y] upon briefs and other subsequent filings to infer the intent of the appellant." *Id*. In the instant case, Terrell's brief clearly indicates that he is appealing the June 24 order; the correctness of that order is the only issue discussed in his brief. Further, the government would not be prejudiced by our consideration of the June 24 order because the government's brief also addresses only the June 24 order. Thus, the government has not been misled by Terrell's notice of appeal. In sum, we conclude that we have jurisdiction to review the merits of the June 24 order.

7

**B. Standard of Review**

We review "a district court's decision to grant or deny a motion to modify under 18 U.S.C. § 3582 for an abuse of discretion." *United States v. Peveler*, 359 F.3d 369, 373 (6th Cir. 2004) (citing *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997)). "Abuse of discretion exists only when a district court relies upon clearly erroneous factual findings, applies the law improperly, or uses an erroneous legal standard." *DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 671 (6th Cir. 2006) (internal quotation marks omitted).

**C. Reduction of Sentence under 18 U.S.C. § 3582(c)(2)**

"The authority of a district court to resentence a defendant is limited by statute." *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Pursuant to 18 U.S.C. § 3582(c)(2), the district court *may* reduce a previously imposed sentence

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). However, there is no right to a reduced sentence. *See* U.S.S.G. § 1B1.10 cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right"); *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (noting that "a district court has the discretion to reduce a sentence based upon a change in the Sentencing Guidelines"); *Ursery*, 109 F.3d at 1137 (stating that "a district court has the discretion to deny a section 3582(c)(2) motion, even if the retroactive amendment has lowered the guideline range").

Amendment 706, as further amended by Amendment 711, reduced the base offense level of most crack cocaine offenses by two levels. U.S.S.G. MANUAL app. C amend. 706, 711 (Supp. 2008). Amendment 706 was made retroactive by U.S.S.G. § 1B1.10, which also articulates the procedure for evaluating a sentence reduction under § 3582(c)(2) based upon the amendment:

> (b) Determination of Reduction in Term of Imprisonment.—
>
> > (1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. [§] 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1). When determining whether a defendant should receive a sentence reduction, the district court *must* consider both the 18 U.S.C. § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "*may* consider post-sentencing conduct of the defendant." U.S.S.G. § 1B1.10 cmt. n.1(B) (emphasis added). Furthermore, "proceedings under 18 U.S.C. [§] 3582(c)(2) and [§ 1B1.10] do not constitute a full resentencing of the defendant." § 1B1.10(a)(3).

Terrell asserts that the district court abused its discretion when it reduced Terrell's sentence by only four months, rather than by the eleven months requested by Terrell, because (1) the reduced sentence was predicated on an allegedly erroneous fact (that Terrell did not participate in the 500-hour RDAP); and (2) Fed. R. Crim. P. 32(h) requires a district court to give a defendant notice and

9

a hearing before imposing a sentence that departs upward from the guidelines range. Each argument lacks merit.

First, the district court was not clearly erroneous in concluding that Terrell had not participated in the 500-hour RDAP. A district court's factual finding is "clearly erroneous when, although there may be evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Oliver*, 397 F.3d 369, 374 (6th Cir. 2005) (internal quotation marks omitted). Terrell has presented evidence that he has completed a 40-hour drug education program, in the form of his program completion certificate, but this program is different from the 500-hour RDAP. *See* ROA at 62 (Institutional Adjustment Report) (listing the RDAP and the drug education program separately). However, contrary to Terrell's assertion, the Institutional Adjustment Report that he submitted to the district court does not reflect that Terrell was on a waiting list for the 500-hour RDAP. This report merely notes that, "[a]t the time of sentencing, it was recommended that inmate Terrell participate in the 500 hour [RDAP]." *Id*. Other than Terrell's unverified and unsubstantiated assertion in his motion to reconsider that he was "on the waiting list for the next available docket for the 500 hour RDAP program, scheduled to start in August, 2008," ROA at 58 (Terrell Mot. to Recons. at 1),[3] Terrell has provided no evidence to refute the district court's finding that Terrell elected not to participate in the 500-hour RDAP. On this record, we cannot say that we "are left with the definite and firm conviction that a mistake has been committed." *Oliver*, 397 F.3d at 374.

---

[3]There is no evidence in the record regarding whether Terrell did in fact start this program in August 2008.

Second, although Rule 32(h) requires that, "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure," Fed. R. Crim. P. 32(h), the district court's decision to reduce partially Terrell's sentence was not an upward departure. Instead, if we were to classify the district court's decision to sentence Terrell above the amended effective guidelines range as an outside-the-guidelines-range sentence, we would classify the action as a variance, given the district court's reliance on the § 3553(a) factors in choosing the partial reduction. *See United States v. Jordan*, 544 F.3d 656, 671 n.12 (6th Cir. 2008) (explaining that "[a] sentence outside the Guidelines . . . based on the § 3553(a) factors is a 'variance'"). The Supreme Court has recently held that Rule 32(h) does not apply to variances. *Irizarry v. United States*, --- U.S. ---, 128 S. Ct. 2198, 2203 (2008). Therefore, Rule 32(h) does not provide Terrell with a special right to a hearing or notice.

Moreover, Terrell was not entitled to a hearing after he filed his motion to reconsider claiming that the district court erred in its determination regarding the 500-hour RDAP because, as explained above, Terrell failed to provide any evidence to the district court showing that he was on the waiting list for the 500-hour RDAP. Terrell merely asserted in his unverified and unsworn motion to reconsider that he was on the waiting list. Because of the unverified and unsworn nature of the motion, the motion itself is not evidence. *See* 28 U.S.C. § 1746 (provision for unsworn declarations under penalty of perjury). Given Terrell's failure to offer any evidence to contradict the PSR's statement that Terrell elected not to participate in the 500-hour RDAP, the district court did not need to hold a hearing to review the issue. Therefore, we conclude that the district court did not abuse its discretion when it reduced Terrell's sentence by only four months.

## III.  CONCLUSION

Because the district court did not abuse its discretion in awarding Terrell only a four-month reduction in his sentence, we **AFFIRM** the district court's judgment partially granting Terrell's § 3852(c)(2) motion.