NOT RECOMMENDED FOR PUBLICATION
File Name: 09a0814n.06

No. 08-6253

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Dec 21, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff–Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF TENNESSEE |
| MICHAEL PARKER, | ) | |
| | ) | |
| Defendant–Appellant. | ) | OPINION |
| | ) | |
| _____ | ) | |

**Before: SUHRHEINRICH, COLE, and GILMAN, Circuit Judges.**

**PER CURIAM.** Michael Parker appeals the district court's order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which permits modification of a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Parker relies upon Amendment 706 to the United States Sentencing Guidelines (U.S.S.G.), which—together with Amendments 711 and 713—retroactively reduces by two points the base-offense levels applicable to most cocaine-base (crack) offenses. The district court denied the motion, concluding that Parker was ineligible for a sentence reduction because he was sentenced pursuant to a statutory mandatory minimum. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

Parker pled guilty to count one of an indictment charging him with conspiracy to possess and distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),

and 846. At sentencing, he was held accountable for 311.8 grams of cocaine base, resulting in a base-offense level of 34 under the 2002 version of U.S.S.G. § 2D1.1(c)(3). Parker received a three-level reduction for acceptance of responsibility, which reduced his total offense level to 31. His criminal history category was set at III. Parker's corresponding Guidelines range was thus 135 to 168 months of imprisonment. *See* U.S.S.G. ch. 5, pt. A.

The district court determined that, because Parker had previously been convicted of a "felony drug offense," he was subject to the 20-year, mandatory-minimum sentence set forth in 21 U.S.C. § 841(b)(1)(A). Prior to sentencing, however, the United States filed a motion for a downward departure based on Parker's substantial assistance to the government. This motion was brought pursuant to 18 U.S.C. § 3553(e), which permits the court to sentence a defendant below the applicable statutory minimum upon a proper motion from the government. The court in fact granted the government's motion and imposed a sentence of 150 months' imprisonment.

On appeal, Parker argues that the district court erred in concluding that it lacked jurisdiction to further reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). He reasons that Amendment 706 had the effect of lowering his applicable Guidelines range from 135 to 168 months down to 108 to 135 months. Although he concedes that he was subject to the statutory mandatory-minimum term of 240 months' imprisonment, Parker argues that the court never actually applied the mandatory minimum because it imposed a below-minimum, 150-month sentence in response to the government's substantial-assistance motion. In sum, Parker contends that, "[b]ecause the guideline range has been reduced and the sentence imposed was based upon a guideline range that has since been reduced, the district court should have determined that it had authority to reduce the sentence."

Parker's arguments, however, have been foreclosed by this court's recent decision in *United States v. Johnson*, 564 F.3d 419 (6th Cir. 2009), where we explained that "[a] district court may modify a defendant's sentence only as provided by statute." *Id.* at 421. The statute upon which Parker relies, 18 U.S.C. § 3582(c)(2), permits modification of a sentence only where the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

Like the defendant in *Johnson*, Parker is not entitled to a sentence reduction because he was not in fact sentenced based on a Guidelines range that has been subsequently lowered. *See Johnson*, 564 F.3d at 423. His sentence was instead based on the mandatory minimum imposed by 21 U.S.C. § 841(b)(1)(A), which remains unchanged by Amendment 706. *See id.* And "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b); *accord United States v. Goff*, 6 F.3d 363, 366-67 (6th Cir. 1993) ("As the guidelines themselves recognize, where a statutory mandatory minimum sentence and the guidelines conflict, the guidelines must yield, and the statutory minimum sentence prevails."). Thus, if Parker were resentenced today, the amended Guidelines would still require a sentence of 240 months, and the court would be departing from this same 240-month baseline if again presented with the government's substantial-assistance motion. *See Johnson*, 564 F.3d at 423.

In an effort to avoid this conclusion, Parker argues that the statutory mandatory minimum replaced his Guidelines *sentence*, but not his Guidelines *range*, and that the district court conflated these two concepts when it found that Parker's applicable Guidelines *range* was unchanged by

Amendment 706. This contention, however, is again foreclosed by *Johnson*. As the court there

explained, "Where a mandatory minimum sentence exceeds the otherwise applicable Guidelines

range—as it would were [the defendant] to be resentenced today—it replaces that Guidelines range."

*Id.* Parker's argument is also inconsistent with the Sentencing Commission's commentary to the

Guidelines, which provides that

> a reduction in the defendant's term of imprisonment is not authorized under
> 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . [a
> retroactive Guidelines amendment] is applicable to the defendant but the amendment
> does not have the effect of lowering the defendant's applicable guideline range
> because of the operation of another guideline or statutory provision (*e.g.*, a statutory
> mandatory minimum term of imprisonment).

U.S.S.G. § 1B1.10 cmt. n.1(A). Accordingly, the district court properly determined that it lacked

jurisdiction to reduce Parker's sentence.

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.