ALICE M. BATCHELDER, Chief Judge,
concurring in part and dissenting in part.
I agree that Talif Hameed is not eligible for a reduction of sentence under 18 U.S.C. § 3582(c)(2). I disagree, however, with the majority’s conclusion that Ha-meed’s sentence was “based on” U.S.S.G. § 2D1.1. I also disagree with the majority’s dicta regarding whether or not the statutory minimum is the only “applicable guideline range” for purposes of U.S.S.G. § 1B1.10(a)(2)(B). I therefore concur in part and dissent in part.
The majority’s analysis of the “based on” prong of the test for eligibility for reduction of sentence does not take proper account of the key differences between a departure from a career offender guideline sentence and a departure from a statutory minimum sentence, namely, that a district court has very limited authority to sentence below that minimum, and that a departure from a statutory minimum is not the removal of that minimum. In United States v. Pembrook, 609 F.3d 381 (6th Cir.2010), we articulated the test for determining whether a defendant was eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Id. at 383-84. That test has two parts: (1) was the sentence “based on a sentencing range that has subsequently been lowered by the Sentencing Commission,” and (2) is “such a reduction ... consistent with applicable policy statements issued by the Sentencing Commission.” Id. (internal quotation marks, citation, and emphasis omitted). The second of those prongs, we explained, requires *270 that the sentencing range subsequently-lowered by the Commission must have been the particular defendant’s applicable guideline range. Id. And this is indeed the two-pronged test that the majority opinion repeats.
In Pembrook, however, the defendant was sentenced under the career offender guidelines, not under a statutory minimum. Id. at 382-83. When considering a case involving the career offender guidelines it makes sense to follow the kind of fact-based analysis adopted by the majority because those guidelines are not mandatory — the district court may reject them for appropriate reasons and substitute the crack guidelines instead. See United States v. Herrera-Zuniga, 571 F.3d 568, 584-85 (6th Cir.2009); United States v. Cole, 343 Fed.Appx. 109, 116 (6th Cir.2009) (unpublished). In such a case, whether the district court did, in fact, explicitly rely on the crack guidelines instead of U.S.S.G. § 4B1.1 — the Career Offender Guideline— is relevant to the determination of whether the sentence is “based on” the crack guidelines. It is therefore not surprising that the cases the majority opinion primarily relies upon all involve the career offender guidelines and not a statutory minimum. See United States v. McGee, 553 F.3d 225 (2d Cir.2009); United States v. Moore, 541 F.3d 1323 (11th Cir.2008);[1] United States v. Cardosa, 606 F.3d 16 (1st Cir.2010).
Statutory minimum sentences, however, are mandatory, and the district court may not sentence below a statutory minimum except as permitted under 18 U.S.C. §§ 3553(e) or 3553(f). Melendez v. United States, 518 U.S. 120, 125-26, 116 S.Ct. 2057, 135 L.Ed.2d 427 (1996); United States v. Stewart, 306 F.3d 295, 331 n. 21 (6th Cir.2002). Hence, in cases such as the one before us here, this two-part test collapses into one question: was the defendant sentenced pursuant to a statutory minimum? The reason for this is straightforward: A departure under § 3553(e), as the majority recognizes in the second part of its analysis, “must be based solely upon the ‘substantial assistance’ rendered by the defendant.” United States v. Bullard, 390 F.3d 413, 416 (6th Cir.2004).
“ ‘Where a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence shall be the guideline sentence.’ ” United States v. Johnson, 564 F.3d 419, 422 (6th Cir.2009) (quoting U.S.S.G. § 5G1.1(b)). Hameed does not dispute that the statutory minimum applied to him, and that the minimum was higher than the applicable crack guideline range under § 2D1.1. Hameed’s guideline sentence was thus the statutory minimum sentence. The only way that the district court could sentence Hameed below that statutory minimum was to grant the government’s motion for a departure for substantial assistance under § 3553(e)[2] and U.S.S.G. § 5K1.1. And that departure, as a matter of law, must be “based solely ” upon the defendant’s substantial assistance. Therefore, regardless of what the district court said at sentencing, and regardless of the reasonableness of imposing a sentence that corresponded to the otherwise applicable “crack” guidelines sentence, the departure was not “based *271 on” the crack guidelines. The sentence was based on the statutory minimum; the departure was from the statutory minimum; the departure was based solely on Hameed’s substantial assistance; and, although the crack guidelines were considered in determining the extent of that departure, neither the departure nor the sentence was based on those guidelines. In short, no part of the sentence was based on anything other than the statutory minimum. This is the result dictated by the statute, the guidelines, and our binding precedent.
This approach also finds support in Judge Niemeyer’s well-reasoned opinion for the Fourth Circuit in United States v. Hood, 556 F.3d 226 (4th Cir.2009). In Hood, Judge Niemeyer found that two defendants who received § 3553(e) departures from statutory mínimums were ineligible for sentence reductions under § 3582(c)(2) despite the fact that in one of the cases the district court “explicitly took into account the crack cocaine Guidelines range that would have been applicable but for the statutory minimum.” Id. at 237. The court, however, found that the district court’s comments
were legally insignificant for purposes of the analysis under § 3582(c)(2).... [Defendant’s] sentence was based on a statutory minimum fixed by 21 U.S.C. § 841(b)(1)(A), from which the district court departed downward as authorized by 18 U.S.C. § 3553(e) for [Defendant’s] substantial assistance, not on any “applicable guideline range” lowered by Amendment 706. No guideline range was applicable, and Amendment 706 did not purport to reduce any factors that the district court was authorized to consider in quantifying a downward departure under § 3553(e).
Id. (emphasis added). As the court succinctly put it, “§ 3553(e) allows for a departure from, not the removal of, a statutorily required minimum sentence.” Id. at 236 (internal quotation marks and citation omitted). This approach has been directly followed in the Fifth Circuit, with similar holdings in the Eighth and Eleventh as well. See United States v. Carter, 595 F.3d 575, 578-81 (5th Cir.2010) (per curiam) (adopting Hood’s analysis); United States v. Byers, 561 F.3d 825, 832 (8th Cir.2009); United States v. Williams, 549 F.3d 1337, 1341-42 (11th Cir.2008) (per curiam).
Therefore, I would hold that when a statutory minimum applies, what the district court said is irrelevant for the purposes of § 3582(c)(2), and that this sentence was “based on” the statutory minimum and not the crack guideline range.
I also write separately to emphasize the limited (limited, indeed, to a vanishing point) reach of the majority’s approach to the “based on” prong. I read the majority’s “based on” analysis as limited to those cases where the district court explicitly relies on the crack guidelines as a substitute for the statutory minimum.[3] See *272 United States v. Williams, 607 F.3d 1123, 1125 n. 2 (6th Cir.2010) (distinguishing United States v. McGee, 553 F.3d 225 (2d Cir.2009) based on the district court in McGee “explicitly” rejecting the career offender guidelines and “choosing to substitute the crack guidelines in calculating the range”); United States v. Martinez, 572 F.3d 82, 84 (2d Cir.2009) (limiting McGee to cases where the district court “explicitly” departed from the otherwise applicable career offender guidelines to the crack guidelines); United States v. Richardson, 339 Fed.Appx. 60, 61 (2d Cir.2009) (same). But regardless of what the district court said explicitly or otherwise, even under the majority’s approach no defendant who was subject to a statutory minimum and received a departure under § 3553(e) is eligible for a sentence reduction under § 3583(c)(2). The crack guidelines cannot be the “applicable guideline range” when the departure is “based solely ” upon the defendant’s substantial assistance and the departure is taken from the statutory minimum and does not remove it. As we recently explained in United States v. Avent, a ease in which the district court considered the otherwise applicable crack guideline range when determining the extent of the downward departure:
[I)n United States v. Pembrook, this Court held that “the term ‘applicable guideline range’ in U.S.S.G. § 1B1.10 refers to a defendant’s pre-departure guideline range.” Binding precedent compels the conclusion that [defendant’s] mandatory minimum, rather than the crack-cocaine guidelines range, constituted [defendant’s] pre-departure “applicable guidelines range” for the purposes of § 1B1.10. Accordingly, Amendment 706 did not “have the effect of lowering [defendant’s] applicable guidelines range,” as § 1B1.10 requires, and the district court lacked the authority to resentence [defendant].
2010 WL 2776841, at *1, — Fed.Appx. -,-(6th Cir. July 13, 2010) (internal citations omitted).
Finally, I briefly note my disagreement with the majority’s dicta regarding whether the statutory minimum “is a guideline ‘range’ or whether it is always the only range that may be considered for the purposes of § 1B1.10(a)(2)(B).” I regard those questions to be sufficiently answered by Johnson and numerous other opinions. See Johnson, 564 F.3d at 423 (“Nor did the district court ... conflate the concept of a Guidelines range with that of a Guidelines sentence. Where a mandatory minimum sentence exceeds the otherwise applicable Guidelines range ... it replaces that Guidelines range.”).
Accordingly, I concur in finding that Ha-meed was not eligible for a sentence reduction under § 3582(c)(2), but dissent in part because I find that his sentence was not “based on” the crack guidelines.

. As I read Moore, the court did not "indicate[ ] that a sentence would be 'based on' the crack guidelines if a court 'reduced the defendants' offense levels to those that would be in effect absent the career offender guideline.’ ” Maj. Op. at 265 (quoting Moore, 541 F.3d at 1329). Rather, in the quoted section the court was merely distinguishing two relevant district court cases, but neither adopting the reasoning in those opinions nor expressing any approval of it.

. No one suggests that § 3553(f) applies in this case.

. The majority states that after the district court granted the government's motion for a departure from the statutory minimum under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, it "resorted to the guideline range under § 2D1.1.” While this is not incorrect as far as it goes, it does not tell the whole story. At the sentencing hearing, after a lengthy discussion of the appropriate method of calculation, the probation officer explained that the appropriale level was 28. This was derived, correctly, by taking the first level to include the statutory minimum of 120 months (here offense level 29, criminal history category II), then subtracting a level for substantial assistance under §§ 3553(e) and 5K1.1. [R. 101 (Sentencing Transcript) at 8.] The district court agreed, but stated that he would adhere to his policy of “sentencing] in accordance with the stipulations in the plea agreement.” He fur *272 ther noted that the sentence under level 26, category II was "a bigger break than [Ha-meed] deserves.” The district court did not depart on its own initiative to the crack guidelines, but merely acquiesced to the parties' agreement. See United States v. McIntosh, 484 F.3d 832, 836 (6th Cir.2007) (affirming a sentence below the statutory minimum based on the government’s consent in the plea agreement).