NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0620n.06

Case No. 09-3868

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 26, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| HENRY SCOTT WILLIAMS, JR., | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: BATCHELDER, Chief Judge; SUHRHEINRICH and GRIFFIN, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge. Henry Williams, Jr., appeals the district court's

denial of his motion for a sentence reduction following the Sentencing Commission's decision to

lower the Guidelines range for certain crack offenses. Because Williams was sentenced pursuant

to a mandatory minimum, his sentence was not based on the crack guidelines. We therefore

AFFIRM the district court.

I.

In September 2003, Williams pled guilty to conspiracy to possess with intent to distribute

cocaine base in violation of 21 U.S.C. §§ 846, 841(a) and (b)(1)(A-B). Due to prior convictions,

Williams was subject to the statutory mandatory minimum sentence of 240 months pursuant to §

841(b). Williams's plea agreement stipulated that because of the mandatory minimum, the first

offense level containing 240 months – in this case level 36 – would become the base offense level,

and that Williams should be granted a 3-level decrease for acceptance of responsibility. The

government moved for a downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1, permitting the court to sentence Williams below the mandatory minimum, and the court reduced the offense level to 30 – reductions of three points for acceptance of responsibility and three points for substantial assistance – which corresponded to a Guidelines range of 108 to 135 months in prison. The court sentenced Williams to 108 months and Williams did not pursue a direct appeal.

In 2007, the Sentencing Guidelines were amended to reduce the base offense levels in U.S.S.G. § 2D1.1 for most crack offenses, including those committed by Williams. U.S.S.G. App. C, amend. 706 (2007) ("Amendment 706"). In 2008, that amendment was made retroactive. U.S.S.G. App. C, amend. 713 (2008). In March 2009, Williams filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied the motion. Williams now appeals.

## II.

Generally, this court reviews the denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009). However, if the district court did not exercise its discretion in denying the motion, but "instead conclude[d] that it lack[ed] the authority to reduce a defendant's sentence under the statute, the district court's determination that the defendant is ineligible . . . is a question of law that is reviewed de novo." *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010).

Section 3582(c)(2) allows a district court to reduce a prisoner's sentence if that sentence was "*based on* a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (emphasis added). Williams argues that because the underlying offense that triggered

his mandatory minimum sentence was a crack offense, his sentence was "based on" the crack guidelines, which were lowered by Amendment 706 subsequent to his sentencing. Williams's argument fails because his sentence was not "based on" the crack guidelines.

This case is governed by *United States v. Johnson*, 564 F.3d 419 (6th Cir. 2009). In *Johnson*, 564 F.3d at 423, under nearly indistinguishable circumstances, we held that when an offender is sentenced pursuant to a mandatory minimum, his sentence is "based on" the mandatory minimum itself; it is not "based on" the Guidelines range for the underlying offense. Here, as in *Johnson*, the sentence was "based on" the mandatory minimum. "Thus, if [Williams] were resentenced today, the amended Guidelines would still require a sentence of 240 months, and the court would be departing from this same 240-month baseline if again presented with the government's substantial-assistance motion." *Id*.

Williams presents several arguments in his favor, none of which are availing. He argues that *Johnson* does not apply to his case because in *Johnson*, both the district court and this court made clear that even if it had been within the discretion of the district court to reduce the sentence, the sentencing judge would nevertheless have denied the requested sentence reduction. That is irrelevant because the key holding in *Johnson* was that the district court did *not* have the discretion under § 3582(c)(2) to reduce the sentence; it matters not what the district court would have done if it did have that discretion.

Williams further claims that *Johnson* was somehow deficient because it failed to address a district court's expanded discretion in sentencing under *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sentencing Guidelines are advisory. Williams's reliance on *Booker*,

however, is unavailing, because in *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010), the Supreme Court held that *Booker* is inapplicable to § 3582(c)(2) proceedings. Likewise, Williams's reliance on *United States v. Grant*, 567 F.3d 776 (6th Cir. 2009), is misguided because *Grant* involved a request for a sentence reduction under Fed. R. Crim. P. 35(b), not § 3582(c).

Finally, Williams argues that his sentence was "based on" the crack guidelines because his plea agreement stated the amount of crack involved in his offense and his presentence report referenced the crack guidelines. This argument also lacks merit. Neither a reference to the amount of crack involved nor a reference to the crack guidelines alters the fact that Williams was sentenced pursuant to a mandatory minimum. *Cf. United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009) (holding that the defendant's sentence was "based on" the career offender guidelines despite the fact that the district court calculated an offense level pursuant to the crack guidelines).

Accordingly, Williams's sentence was "based on" the mandatory minimum provision of § 841(b); it was not "based on" the crack guidelines. Williams was therefore ineligible for a sentence reduction pursuant to § 3582(c)(2).

**III.**

For the foregoing reasons, we **AFFIRM** the district court's denial of Williams's motion for a reduction of sentence.