NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0223n.06

No. 10-6107

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Feb 24, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| PAUL MARRIOTT, | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SILER and GRIFFIN, Circuit Judges; TARNOW, District Judge.[*]

**TARNOW**, District Judge. Defendant Paul Marriott appeals from the district court's denial

of his Motion for a Reduction of Sentence. The district court based its denial of Marriott's motion

on its lack of authority to reduce Marriott's sentence according to 18 U.S.C. § 3582(c). For the

following reasons, we **AFFIRM** the district court's judgment.

**I.**

In 1998, following a jury trial, Appellant was found guilty of (1) conspiracy to manufacture,

distribute, and possess with the intent to distribute a quantity of a mixture of substance containing

cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), 846; (2) aiding and abetting the

manufacture of a mixture of substance containing cocaine base (crack), in violation of 21 U.S.C. §

---

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

846 and 18 U.S.C. § 2; and (3) aiding and abetting the possession with the intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. Neither the indictment nor the jury verdict specified quantities of drugs.

The Presentence Investigation Report prepared for the district court opined that the powder cocaine found during Appellant's arrest was in the process of being converted into crack cocaine. Appellant challenged this contention.

At an evidentiary hearing held to resolve the challenge, the district court accepted the testimony of a government expert that the conversion process from powder cocaine to crack cocaine would have yielded somewhere between 52.7 and 66.0 grams of crack cocaine. The district court found that a base offense level of 32 was appropriate, and that there were no specific adjustments applicable. Combined with the recommended Criminal History Category of II, Appellant fell within a sentencing guidelines range of 135 to 168 months. The district court applied the statutory mandatory minimum term under 21 U.S.C. § 841(b)(1)(A) and sentenced Appellant to twenty years incarceration.

After sentencing, Appellant timely appealed his conviction and sentence. This Court affirmed, *United States v. Marriott*, 225 F.3d 660 (6th Cir. 2000). Appellant subsequently challenged his sentence in a Motion to Vacate under 28 U.S.C. § 2255. The district court denied Appellant's motion and denied a certificate of appealability. This Court also declined to issue a certificate of appealability.

**II.**

Appellant commenced the instant action on March 24, 2008. Appellant moves to reduce his sentence under 18 U.S.C. § 3582(c) and U.S. Sentencing Guidelines § 1B1.10(a). Appellant argues that his sentence should be reduced under Amendment 706, which permits a two-level reduction in the base offense level for many crack-cocaine offenses. The district court found that the retroactive crack amendment did not apply because Appellant had been sentenced according to a mandatory minimum and not a guidelines range. The district court therefore found that it lacked the authority to reduce Appellant's sentence.

Appellant filed a motion for reconsideration, arguing that he was eligible for a reduction in sentence because the twenty-year mandatory minimum should not have been applicable. Appellant argues that, because the indictment and jury verdict did not specify a particular quantity of drugs, he in fact had only been convicted of a lesser offense under 21 U.S.C. § 841(b)(1)(C), for which the mandatory minimum was only 10 years. Appellant asserts that he would therefore have fallen into the guidelines range of 135 to 168 months, and would be eligible for a reduction under the retroactive crack amendment. The district court, relying on *Dillon v. United States*, 130 S. Ct. 2683 (2010), held that it could not consider such an issue under 18 U.S.C. § 3582(c).

Appellant's argument proceeds in two parts. First, Appellant argues that, based on the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), he should not have been subject to a mandatory minimum. Second, Appellant argues that because he should not have been

3

subject to a mandatory minimum, the district court had authority to reduce his sentence under 18

U.S.C. § 3582(c).

**III.**

This Court reviews *de novo* a district court's determination that it lacks the authority to

modify a sentence under 18 U.S.C. § 3582(c). *See United States v. Hameed*, 614 F.3d 259, 262 (6th

Cir. 2010).

**IV.**

A district court may modify a previously-imposed sentence only as provided by statute.

*United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). "Unless the basis for resentencing falls

within one of the specific categories authorized by section 3582(c), the district court lack[s]

jurisdiction to consider [the defendant's] request." *United States v. Williams*, 607 F.3d 1123, 1125

(6th Cir. 2010) (quoting *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997)).

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based
> on a sentencing range that has subsequently been lowered by the Sentencing
> Commission . . . the court may reduce the term of imprisonment . . . if such a
> reduction is consistent with applicable policy statements issued by the Sentencing
> Commission.

18 U.S.C. § 3582(c)(2).

Appellant attempts to use § 3582(c) as a vehicle to reargue the propriety of his original

sentence. The Supreme Court has held that "§ 3582(c)(2) does not authorize a sentencing or

resentencing proceeding. Instead, it provides for the modif[ication of] a term of imprisonment by

giving courts the power to reduce an otherwise final sentence in circumstances specified by the

4

Commission." *Dillon*, 130 S. Ct. at 2690 (internal quotation marks omitted) (alteration in original).

Indeed, "plenary sentencing proceedings are distinct from § 3582(c) sentence reductions." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009); *see also Dillon*, 130 S. Ct. at 2692 (distinguishing between 3582(c) hearings and "plenary resentencing proceedings"). Thus, the district court was correct in its determination that it could not consider Appellant's Sixth Amendment arguments concerning drug quantities in a motion brought under 18 U.S.C. § 3582(c)(2).

Appellant also argues that, because a jury did not determine beyond a reasonable doubt the amount of drugs upon which his conviction under 21 U.S.C. § 841(b)(1)(A) was based, he should have fallen in a sentencing guidelines range of 135 to 168 months, based on a lesser conviction under 21 U.S.C. § 841(b)(1)(C). Appellant's argument fails because his sentence is not "based on a sentencing range" as required by 18 U.S.C. § 3582(c). Appellant was sentenced according to a mandatory minimum requirement. In *United States v. Johnson*, 564 F.3d 419 (6th Cir. 2009), this Court found that a defendant who had been subject to a mandatory minimum was not sentenced "based on a sentencing range," and therefore could not benefit from Amendment 706 and § 3582(c)(2). *Id.* at 423.

Because Appellant's sentence was not based on a sentencing range, we affirm the district court's determination that it did not have the authority to reduce Appellant's sentence under the terms of 18 U.S.C. § 3582(c) and Amendment 706.

**AFFIRMED.**