**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-6269**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KEITH HARRIS,

                    Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:06-cr-00100-FL-2)

---

Submitted:  July 13, 2012              Decided:  July 26, 2012

---

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Harris appeals a district court order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) (2006). We affirm.

This court reviews for abuse of discretion a district court's decision on whether to reduce a sentence under § 3582(c)(2) but reviews de novo a court's conclusion on the scope of its legal authority under that provision. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment when the defendant is "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" Any reduction must be consistent with applicable policy statements offered by the Sentencing Commission. Munn, 595 F.3d at 186.

Under U.S. Sentencing Guidelines Manual § 1B1.10(2), a defendant may not receive a new sentence pursuant to an amended Guideline that is lower than the amended Guideline range. There is an exception for those persons who received a sentence below the Guidelines range of imprisonment due to their substantial assistance. In those cases, a reduction below the amended Guidelines range that is comparable to the original reduction may be appropriate. Harris received a sentence below the statutory minimum sentence as a result of the Government's

motion under 18 U.S.C. § 3553(e) (2006) and U.S. Sentencing Guidelines Manual § 5K1.1.

A reduction is not authorized under § 3582(c)(2) and is not consistent with the Guidelines' policy statements if the applicable amendment does not have the effect of lowering the defendant's Guidelines range because of the operation of another statutory provision, such as a statutory minimum term of imprisonment. See USSG § 1B1.10(2) cmt. n.1(A).

We conclude that the district court correctly found it was not authorized to reduce Harris' sentence further because his sentence was based on the statutory mandatory minimum sentence and not on a Guidelines range that was subsequently lowered. See United States v. Johnson, 564 F.3d 419, 421-23 (6th Cir. 2009) (starting point for a downward departure under § 3553(e) is the statutory minimum sentence).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED