**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0428n.06

**No. 09-5647**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Jul 13, 2010**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF TENNESSEE |
| BETTY AVENT, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: CLAY, ROGERS, and COOK, Circuit Judges.

COOK, Circuit Judge.  Betty Avent appeals the district court's order denying her motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  We affirm.

I.

Following her plea, the district court found Avent guilty of conspiring to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  Avent's total offense level of 33, in conjunction with her category V criminal history, resulted in a guidelines range of 210 to 262 months' imprisonment.  As a result of Avent's prior felony drug convictions, however, a mandatory-minimum sentence of life imprisonment supplanted the otherwise applicable crack-cocaine guidelines range.  *See* 21 U.S.C. § 841(b)(1)(A).

The United States filed a presentence motion for downward departure, citing Avent's substantial assistance. *See* 18 U.S.C. § 3553(e). The district court granted the motion, sentencing Avent to 210 months' imprisonment, a sentence 52 months lower than that recommended by the government in its motion for downward departure. Avent later sought to take advantage of the retroactive effect of Amendment 706, which reduced the base offense level for most offenses involving crack cocaine. The district court denied Avent's motion for sentence reduction.

On appeal, Avent argues that the district court erred in concluding that it lacked authority to further reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2). Because controlling precedent forecloses Avent's argument, we affirm.

II.

A district court may only modify a defendant's sentence as provided by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Section 3582(c)(2) "permits modification of a sentence only where the sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Parker*, 358 F. App'x 632, 634 (6th Cir. 2009) (per curiam) (quoting 18 U.S.C. § 3582(c)(2)). Section 3582(c)(2) also requires that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission." The relevant policy statement, U.S.S.G. § 1B1.10, states that a sentence reduction is only authorized if a guidelines amendment has "the effect of lowering the defendant's applicable guideline range."

No. 09-5647
*United States v. Avent*

The district court sentenced Avent pursuant to a mandatory minimum and the government's § 3553(e) motion for downward departure.

Avent argues that because the district court considered the otherwise applicable crack-cocaine guidelines range of 210 to 262 months' imprisonment when determining the extent of the § 3553(e) downward departure, it necessarily relied on a range that was later reduced. But in *United States v. Pembrook*, this Court held that "the term 'applicable guideline range' in U.S.S.G. § 1B1.10 refers to a defendant's pre-departure guideline range." No. 08-6452, 2010 WL 2499656, at *3 (6th Cir. June 11, 2010). Binding precedent compels the conclusion that Avent's mandatory minimum, rather than the crack-cocaine guidelines range, constituted her pre-departure "applicable guidelines range" for the purposes of §1B1.10. *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) ("Where a mandatory minimum sentence exceeds the otherwise applicable Guidelines range . . . it replaces that Guidelines range."). Accordingly, Amendment 706 did not "have the effect of lowering [Avent's] applicable guideline range," as § 1B1.10 requires, and the district court lacked the authority to resentence Avent. *See United States v. Williams*, No. 09-5331, 2010 WL 2499384, at *2 (6th Cir. June 14, 2010).

III.

We affirm the order of the district court.