[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 30, 2009
THOMAS K. KAHN
CLERK

No. 08-14609
Non-Argument Calendar

_____

D. C. Docket No. 94-06114-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLOYD MCLEAN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 30, 2009)

Before EDMONDSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Floyd McLean appeals the district court's refusal to grant McClean's 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. No reversible error has been shown; we affirm.

McLean was convicted of crack cocaine offenses and a firearms charge; he was sentenced in 1995 to 465 months' imprisonment (405 months' on the drug charges and 60 months' consecutive on the firearms charge). In 2008, pursuant to 18 U.S.C. § 3582(c)(2), McLean filed a motion to reduce his sentence based on a retroactive amendment of the guidelines for crack cocaine offenses.[1] The government agreed that Amendment 706 applied to McLean's sentence; if McLean's guideline offense level was lowered by the amendment, the resulting guideline range for the crack cocaine offenses would be 262-327 months' imprisonment. But the government argued that the district court should exercise its discretion to deny the motion based on McLean's history of prison disciplinary violations. McLean's prison disciplinary record chronicled 17 separate disciplinary reports filed between December 1995 and November 2003. The government argued that McLean posed a danger to public safety.

---

[1]Amendment 706 revised U.S.S.G. § 2D1.1 by reducing by two levels the offense levels applicable to crack cocaine offenses. Subject to technical changes effected by Amendment 711, Amendment 706 was made retroactive as of 3 March 2008 by Amendment 713.

The district court denied McLean's section 3582(c)(2) motion:[2]

> Defendant seeks a reduction in the guidelines range based on Amendment 706. In assessing a potential reduction in the guidelines range, this Court looks to Defendant's numerous disciplinary violations while incarcerated in concluding that Defendant's sentence shall remain unchanged, pursuant to the discretion afforded by 18 U.S.C. § 3582(c)(2). *See* USSG § 1B1.10, comment, n.1(b)(ii) (stating that a court may consider post-sentencing conduct). Therefore, no adjustment is warranted.

If section 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed for abuse of discretion. United States v. James, 548 F.3d 983, 984 n.1 (11th Cir. 2008). And if a district court is authorized to reduce a sentence pursuant to section 3582(c)(2), it may do so "after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A sentencing adjustment under section 3582(c)(2) allows no full de novo resentencing. See U.S.S.G. § 1B1.10(a)(3) ("proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not

---

[2]Before determining whether, and to what extent, a section 3582(c)(2) motion is due to be granted, the district court should first use the amended guidelines to recalculate a defendant's base offense level. See United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). The district court's order fails to show that the district court first recalculated McLean's amended offense level and guideline range in the light of the amendment, but McLean raises no challenge based on this failure. See United States v. Britt, 437 F.3d 1103, 1104-05 (11th Cir. 2006) (this Court will not consider issues not raised in a defendant's initial brief).

constitute a full resentencing of the defendant").

As noted by the district court, U.S.S.G. § 1B1.10 comment., n.1.(B)(ii) directs the district court, when considering a sentence reduction as a result of an amended guideline, to "consider the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment." And U.S.S.G. § 1B1.10 comment., n.1(B)(iii) expressly allows the district court to consider post-sentencing conduct when determining whether -- and to what extent -- a reduction is warranted. All original sentencing determinations are to remain unchanged with only the amended guideline range substituted for the unamended guideline range used at sentencing. See U.S.S.G. § 1B1.10, comment. n.2; United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).

The gravamen of McLean's argument is that the district court's reliance on the prison disciplinary records to deny McLean a sentence reduction constituted an abuse of discretion. McLean suggests that those records fail to include sufficient facts; and he argues further that none of the incidents resulted in further charges against the defendant. Although some of these incidents were minor (such as being insolent to a staff member), other incidents were not (assault with serious injury and possession of dangerous weapons). That no further charges were filed does

4

not vitiate the bad behavior.[3]

Pursuant to the retroactive guidelines amendment, the district court had authority -- but was under no legal obligation -- to resentence McLean. See United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997). In the light of McLean's prison disciplinary record and criminal history and characteristics, we can not say the district court abused its discretion when it denied McLean a sentence reduction.[4]

AFFIRMED.

---

[3]McLean cites us to United States v. Ayala, 540 F.Supp. 2d 676 (W.D. Va. 2008), wherein the district court opted to grant a reduction while noting that other means existed for punishing prison behavior. We do not accept that the potentiality of other penalties relieves the district court of the obligation -- as set out in U.S.S.G. § 1.B1.10 comment. n.1(B)(ii) and (iii) and 18 U.S.C. § 3582(c)(2) -- to consider the public safety and post-sentencing behavior when ruling on a sentence-reduction motion.

[4]The district court failed to recite specifically its consideration of the 18 U.S.C. § 3553(a) factors, but this supports no reversible error. See Eggerdorf, 126 F.3d at 1322. The district court judge had (i) presided over McLean's trial and sentencing, (ii) had received and considered McLean's PSI, (iii) had the benefit of the parties' submissions on the section 3582(c) motion, and (iv) indicated that McLean's disciplinary record especially influenced its decision. Sufficient reasons were stated for the denial of a reduced sentence.