NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0494n.06

No. 08-2554

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

        v.

ALONZO MONDAY,

    Defendant-Appellant.

FILED
Aug 10, 2010
LEONARD GREEN, Clerk

On Appeal from the United
States District Court for the
Western District of Michigan
at Grand Rapids

_____/

**Before:**      **GUY and GRIFFIN, Circuit Judges; HOOD, District Judge.**[*]

    **RALPH B. GUY, JR., Circuit Judge.**   Defendant Alonzo Monday appeals the

district court's denial of his motion for modification or reduction of sentence pursuant to 18

U.S.C. § 3582(c)(2). There being no dispute that the defendant was eligible for a reduction

in the guideline range under Amendments 706 and 711 of the United States Sentencing

Guidelines, defendant contends that the district court abused its discretion in concluding that

a reduction in his sentence was not warranted. After review of the record and the applicable

law, we affirm.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky,
sitting by designation.

**I.**

Based on evidence seized following a routine traffic stop, defendant was charged in a three-count indictment with (1) possession with intent to distribute five grams or more of crack cocaine; (2) possession of a firearm after having been convicted of a felony; and (3) possession with intent to distribute marijuana. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(D); 18 U.S.C. § 922(g)(1). A written plea agreement was reached under which the defendant agreed to plead guilty to the second and third counts, and the government agreed to dismiss the first count. The district court determined at sentencing on October 20, 2003, that defendant had a total base offense level of 27 and a criminal history category of IV, which corresponded to a sentencing guideline range of 100 to 125 months' imprisonment. The district court treated the guidelines as mandatory and sentenced defendant to a term of imprisonment of 100 months. Defendant appealed, and this court remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005).

Before resentencing, defendant filed a sentencing memorandum seeking a below-guidelines sentence based on his post-sentencing rehabilitation efforts. At the sentencing hearing on December 19, 2005, the district court (1) found defendant's efforts were not beyond what would ordinarily be expected during incarceration; (2) emphasized defendant's lengthy and persistent criminal history; (3) considered the other § 3553(a) factors; and (4) concluded that a sentence of 100 months' imprisonment to be "an appropriate and reasonable sentence." The district court entered an amended judgment reimposing the 100-month

sentence on January 4, 2006. Defendant appealed, and this court affirmed the sentence. *United States v. Monday*, 218 F. App'x 419 (6th Cir. 2007).

On February 25, 2008, defendant filed a pro se motion to reduce his sentence based on recent amendments to the United States Sentencing Guidelines adopting and giving retroactive application to a reduction in the base offense level for most crack cocaine offenses. USSG, App. C, Amend. 706 (eff. Nov. 1, 2007) and Amend. 711 (eff. Mar. 1, 2008). Counsel was appointed to represent defendant, the motion was fully briefed, and a Sentencing Modification Report was prepared. There was (and is) no dispute that the amendments applied and would have the effect of lowering the defendant's sentencing guideline range from 100 to 125 months to an amended guideline range of 84 to 105 months. In a written opinion and order entered September 9, 2008, the district court determined that, despite defendant's eligibility for a reduction in sentence, a reduction was not warranted based on consideration of the relevant § 3553(a) factors, the public safety considerations, and the defendant's post-sentencing conduct. The motion was denied, and this appeal followed.

## II.

The district court's decision to grant or deny a motion to modify a sentence under § 3582(c)(2) is reviewed for abuse of discretion. *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009), *cert. denied*, __ S. Ct. __, 2010 WL 1739324 (June 21, 2010); *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009), *cert. denied*, 130 S. Ct. 1537 (2010). A district court abuses its discretion when it relies on clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard. *Id*.

## A.    Framework for § 3582(c) Proceedings

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.' 18 U.S.C. § 3582(c)." *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010); *see also United States v. Johnson*, 564 F.3d 419, 421 (6th Cir.), *cert. denied*, 130 S. Ct. 318 (2009). Congress has provided an exception to this rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 944(o)," in which case, "the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2) (emphasis added); *see also Johnson*, 564 F.3d at 421-22.

The Supreme Court described § 3582(c) as establishing a two-step inquiry: a court must first determine whether a defendant is eligible for a reduction consistent with the policy statements—namely, USSG § 1B1.10; and then decide whether, in its discretion, the authorized reduction is warranted in whole or part under the circumstances. *Dillon*, 130 S. Ct. at 2691-92; *see also United States v. Curry*, 606 F.3d 323, 326-27 (6th Cir. 2010). A § 3582(c) proceeding is not a full resentencing. § 1B1.10(a)(3); *Washington*, 584 F.3d at 697; *Dillon*, 130 S. Ct. at 2691 (holding *Booker* does not apply to § 2582(c) proceedings).

## B.    Eligibility

In USSG § 1B1.10, the Commission has identified the guideline amendments that may be applied retroactively, as well as the parameters for deciding a motion for reduction of

sentence under § 3582(c). Amendment 706 reduced the base offense level for most crack cocaine offenses by two levels and is one of the retroactive amendments listed in § 1B1.10(c) that may be considered as a basis for sentence reduction under § 3582(c)(2). A reduction is not consistent with the policy statement and therefore not authorized if such an amendment "does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2)(B); *see Curry*, 606 F.3d at 329.[1]

There is no dispute in this case that the defendant's sentence, both originally and upon resentencing in light of *Booker*, was based on the quantity of drugs involved, including 21.08 grams of crack cocaine, such that the term of imprisonment was based on a guideline range that has subsequently been lowered by an amendment that has retroactive application. Section 1B1.10(b)(1) directs that in "determining whether, and to what extent, a reduction in the defendant's term of imprisonment" is warranted the court must determine the "amended guideline range" and, in doing so, "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1). In this case, substituting the amended crack cocaine offense guidelines results in an amended guideline range of 84 to 105 months. No other limitation

---

[1]We have held that a sentencing reduction is not authorized when the original sentence was not based on a sentencing range that was subsequently lowered. *See*, *e.g.*, *Perdue*, 572 F.3d at 292 (finding defendant was not eligible for reduction where original sentence was based on the career-offender guidelines and not the crack cocaine guidelines); *Johnson*, 564 F. 3d at 422-23 (same where original sentence based on mandatory minimum).

or exception being at issue, the district court correctly concluded that the defendant was *eligible* for a sentence reduction. *See* § 1B1.10(b)(2) (limitations on extent of reduction).

## C.     Discretionary Decision

Explicitly recognizing its discretion to grant a reduction, the district court determined that a reduction from the 100-month sentence was not warranted. Defendant argues first that the district court abused its discretion by failing to reduce his sentence to the low end of the amended guideline range, emphasizing that the district court specifically found that "a sentence at the bottom end of the guideline range [was] sufficient in this case." Defendant reads too much into this statement given both that the original sentence was imposed under a mandatory guideline scheme and that it could just as well mean that a sentence of 100 months was sufficient in this case. Defendant also overlooks that the same 100-month sentence was reimposed upon resentencing in light of *Booker*, which is actually the operative sentence he is seeking to reduce under § 3582(c)(2).

Moreover, in making this argument, defendant erroneously implies that he was entitled to an automatic reduction in his sentence to the low end of the amended guideline range. As the permissive language of § 3582(c)(2) indicates by stating that a district court "may" reduce a previously imposed sentence if the requirements are met, the decision whether and to what extent to grant an authorized sentence reduction is discretionary. *Johnson*, 564 F.3d at 421 (noting that "a district court has the discretion to reduce a sentence based upon a change in the Sentencing Guidelines"); *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997) (stating that "a district court has the discretion to deny a section

3582(c)(2) motion, even if the retroactive amendment has lowered the guideline range"). We have recently stated more emphatically that "Section 3582 does not create a *right* to a reduced sentence." *Curry*, 606 F.3d at 330; *see also* § 1B1.10, cmt. background ("The authorization of such a discretionary reduction does not . . . entitle a defendant to a reduced term of imprisonment as a matter of right."). In other words, eligibility for a reduction in sentence under § 3582(c)(2) does not automatically entitle the defendant to a reduction in the term of his imprisonment.

The Commission has instructed that, in determining whether and to what extent a defendant should receive an authorized sentence reduction, the district court *must* consider the § 3553(a) factors to the extent that they are applicable; *must* consider the impact on public safety; and *may* consider the defendant's post-sentencing conduct. § 1B1.10 cmt. n.1(B)(i)-(iii). The written decision in this case reflects the court's recognition of its discretion and its consideration of the applicable § 3553(a) factors, public safety concerns, and the defendant's post-sentencing conduct. Defendant claims that the district court abused its discretion in making the determination that these considerations did not warrant a reduction in the defendant's 100-month term of imprisonment, which is within the amended guideline range.

Relying on a district court decision from another circuit, defendant argues that it was an abuse of discretion to consider either his prior criminal history when it was already accounted for in the guideline calculation, or an incident of post-sentencing misconduct when he was sanctioned for it by the Bureau of Prisons. *See United States v. Ayala*, 540 F. Supp.

2d 676, 679-80 (E.D. Va. 2008) (rejecting government's arguments in opposition to a reduction of sentence). Defendant's reliance on *Ayala* is misplaced. First, the court in *Ayala* did not conclude that criminal history or post-sentencing conduct may *never* be considered. Second, we reject defendant's assertion that a defendant's post-sentencing conduct may not be considered in determining whether to grant a sentencing reduction under § 3582(c)(2). To do so would "fly in the face" of the plain language of § 3582(c)(2) and the Commission's explicit direction in § 1B1.10 cmt. n.1(B)(iii). *Accord United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir.), *cert. denied*, 130 S. Ct. 3374 (2010); *United States v. McLean*, 344 F. App'x 505, 507 n.3 (11th Cir. 2009). Nor has defendant demonstrated that it was clear error for the district court to find that the incident of misconduct, which involved a minor assault on a corrections officer and possession of a cellular phone in violation of prison rules, weighed against a reduction in his sentence.

Third, we are not persuaded that the district court's reference to the defendant's prior offenses (and violations of bond and probation) improperly imposed a double penalty on the defendant. *See Ayala*, 540 F. Supp. 2d at 680. The Commission's policy statement requires that the district court consider the applicable § 3553(a) factors, as well as "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." § 1B1.10 cmt. n.1(B). The district court did so, explaining that:

> Overall, Defendant's record indicates that he has yet to grasp the "seriousness of [his] offense" or cultivate a "respect for the law" 18 U.S.C. § 3553(a)(2)(A). It is apparent that even in a controlled environment Defendant has a demonstrated inability to follow simple rules and has posed a threat to

those around him.  A like pattern appears in Defendant's history of similar convictions and violations of bond or probation.  There is a risk of recidivism, which tends to call for a longer sentence, not a shorter one.

The public safety concern is manifest and the court concludes that a lower sentence at the lower end of the new Guidelines range is not appropriate under these circumstances.  The public should be protected from Defendant's violent and anti-social behavior. Pursuant to 18 U.S.C. § 3582(c)(2) and § 1B1.10, the court will deny Defendant's motion for a reduction in sentence.

It was not an abuse of discretion for the district court to consider these factors in determining that a reduction in defendant's term of imprisonment was not warranted.

Lastly, defendant argues that the district court abused its discretion by failing to give due consideration to certain § 3553(a) factors.  Proceedings under § 3582(c)(2) are not full resentencings, and we have not required the district court to articulate the applicability of each sentencing factor as long as the record reflects that the pertinent factors were taken into account. *Curry*, 606 F.3d at 330-31.  Defendant argues first that the district court failed to give due consideration to the need to avoid unwarranted sentencing disparities under § 3553(a)(6) by failing to give effect to the intended purpose of Amendment 706 to remedy disparities between sentences for crack and powder cocaine offenses.  That is, defendant argues, it was an abuse of discretion to find the defendant was eligible for a reduction in sentence—thus in the class of offenders to whom the amendment was directed—but that such a reduction was not warranted in this case.  On the contrary, it is only after determining that a defendant is eligible that the district court makes the discretionary determination whether and to what extent a reduction is warranted.

Also, defendant argues that the district court failed, in evaluating his "history and characteristics," to address his argument that he had made positive efforts at rehabilitation: namely, completing a 40-hour drug program, completing educational programs in graphics and welding, participating in an educational program in automotive mechanics, and making arrangements for employment upon his release from prison. Although the district court did not discuss these actions specifically, we know from the district court's post-*Booker* resentencing that it did not place great weight on rehabilitation efforts that do not go beyond what would ordinarily be expected during incarceration. Indeed, the government argues in response that the drug treatment program was a requirement, not a choice, and that defendant completed one art and three exercise classes and stated that he had enrolled in others. On the whole, the record reflects that the factors to be considered were developed, and the district court considered the relevant factors consistent with § 3582(c)(2) and § 1B1.10.

Finding no abuse of its discretion, the district court's denial of the defendant's motion to reduce his sentence under § 3582(c)(2) is **AFFIRMED.**